### BRANCH v. CAHILL.
### No. 8160.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1937.

George R. Andersen, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

HANEY, Circuit Judge.

Appellant has appealed from an order denying a petition for a writ of habeas corpus filed in his behalf.

Appellant is a subject of Great Britain, and was admitted to the United States in 1923.

8 U.S.C.A. § 137 provides for the exclusion of certain classes of aliens, including, "(e) Aliens who are members of or affiliated with any organization, association, society, or group, that writes, circulates, distributes, prints, publishes, or displays * * * any written or printed matter of the character described in paragraph (d)."

The matter described in paragraph (d) is " * * * any written or printed matter * * * advising, advocating, or teaching: (1) the overthrow by force or violence of the Government of the United States."

Paragraph (g) provides for deportation of "any alien who, at any time after entering the United States, is found to have been at the time of entry, or to have become thereafter, a member of any one of the classes of aliens enumerated in this section."

On October 5, 1934, the district director of the Immigration and Naturalization Service recommended that the Secretary of Labor issue his warrant for the arrest of

546

appellant on the ground that appellant had violated the above statutes. Warrant was issued on October 30, 1934, and ordered that appellant be given a fair hearing. Appellant was arraigned on November 17, 1934. After the hearing, the immigrant inspector who had conducted the hearing recommended deportation. The Board of Review on May 29, 1935, recommended deportation of appellant on the ground "that he has been found in the United States in violation of the Act of Oct. 16, 1918, as amended by the Act of Oct. 16, 1918, as amended by the Act of June 5, 1920, in that he is affiliated with an organization, association, society and group that writes, circulates, distributes, prints, publishes, and displays printed matter advising, advocating, and teaching the overthrow by force and violence of the government of the United States."

On June 17, 1935, Assistant to the Secretary of Labor ordered deportation. Thereafter the petition in the present proceeding was filed.

Appellant contends that the evidence is insufficient to show that he was affiliated with an organization which believes in the overthrow of the government by force and violence.

In such a proceeding the order denying the petition must be affirmed if there is any evidence from which the conclusion of the administrative tribunal could be deduced. United States ex rel. Vajtauer v. Com'r of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 303, 71 L.Ed. 560.

1. There is ample evidence to show that appellant was "affiliated" with the Communist Party. He was employed as managing editor of the "Western Worker" which is, as stated in the paper, "published on the 1st and 15th of every month by the Communist Party, U. S. A." Appellant was instructor and had been a director in the "San Francisco Workers School," the nature of which is explained by the following excerpt from an announcement of courses:

"It is necessary to state that the Workers School is the only school in San Francisco which authoritatively bases its education on the theory of Marxism-Leninism under the official guidance and leadership of the Communist Party of the U. S. A. and the Communist International."

One of the courses offered by the school was "Agitation and Propaganda Methods" which, as stated by the announcement, was "limited to members of the Communist Party." There was evidence that appellant taught one of such classes. There was evidence that appellant addressed a meeting at Oakland, Cal., on June 16, 1934, and at that time solicited funds for the support of the Communist Party. Other evidence was before the administrative tribunal, but the foregoing is sufficient to show that appellant was "affiliated" with the Communist Party, within the definition as stated by this court in Wolck v. Weedin, 58 F. (2d) 928, 930.

2. There is likewise ample evidence to show that the Communist Party advocates "the overthrow by force or violence of the Government of the United States."

The "Communist Manifesto" states:

"The Communists disdain to conceal their views and aims. They openly declare that their ends can be attained only by the forcible overthrow of all existing social conditions. Let the ruling classes tremble at a Communist revolution."

Although many quotations could be made from the evidence in the proceeding, there are many in "Toward Soviet America" by Foster, which was introduced by appellant. It is said therein, p. 212:

"By the term 'abolition' of capitalism we mean its overthrow in open struggle by the toiling masses, led by the proletariat. Although the world capitalist system constantly plunges deeper into crisis we cannot therefore conclude that it will collapse of its own weight. On the contrary, as Lenin has stated, no matter how difficult the capitalist crisis becomes, 'there is no complete absence of a way out' for the bourgeoise until it faces the revolutionary proletariat in arms."

"It is the historical task of the proletariat to put a last end to war. Nevertheless, the working class cannot itself come into power without civil war. * * *" P. 213.

In this connection, see Kenmotsu v. Nagle (C.C.A.9) 44 F.(2d) 953, 955; Ex parte Vilarino (C.C.A.9) 50 F.(2d) 582, 583, 586.

There is evidence that appellant shared the view. In a speech at a street demonstration he stated, according to one witness, that "they would change the capital-

istic war into a civil war and overthrow this government." In a conversation with another witness he said, according to the witness, "they were forced to use violence and force and that is the way they intended to do it."

The order is affirmed.